## Case No. 15,659.

### UNITED STATES v. McCLARE.

[17 Law Rep. 439.]

District Court, D. Massachusetts. Sept., 1854.

ASSAULT—CRIMINAL INTENT—BURDEN OF PROOF.

The defendant [Henry McClare] was indicted for an assault with a dangerous weapon, on an emigrant passenger in the ship George Peabody from Liverpool, of which the defendant was the second mate. It was admitted that the defendant did hit the complainant, who was a boy, on the head with a belaying-pin, which it was conceded was a dangerous weapon. The defence was that the blow was received by misadventure. It appeared that the defendant went down into the lower between-decks of the ship, at night, where it was quite dark, to suppress a noisy disturbance among the emigrant passengers, and there had a conflict with one passenger, and went through the passage-ways, striking with the belaying-pin against the berth-boards and bulkheads, and calling the passengers to order. The evidence for the defence tended to show that it was necessary for self-defence that the officer should have some weapon, there being over six hundred passengers, and that the boy was hit by accident, when leaning out of his berth, or received a chance blow during the conflict with the other passengers, and that the language and conduct of the defendant, after he found he had hit the boy, was such as to prove the blow to have been unintentional. On the other hand, the complainant and three other steerage passengers represented the language of the defendant, after the blow, to be such as indicated either an intention to hurt the complainant, or a recklessness and indifference as to whom he hit.

R. H. Dana, Jr., for the defence, argued the case to the jury, upon the evidence, and asked the court to instruct the jury, that although the indictment contained no allegation of a criminal intent or malice, in specific terms, yet that the allegation was included in the technical signification of the word "assault." Every indictment must contain an allegation of the animus as well as of the corpus delicti, and without such an allegation it would be subject to demurrer. In criminal assaults and batteries, the animus is included in the terms "assault, battery." Com. v. McKee (March, 1854) 17 Law Rep. 51; 3 Bl. Comm. 121; 4 Bl. Comm. 217; 5 Dane, Abr. 584; Selwyn, N. P. "Assault," note 1; Com. v. Clark, 2 Metc. (Mass.) 23. The burden of proof is on the government to sustain the entire allegations of the indictment, the criminal intent as well as the overt act. The defendant pleads no special defence of justification or excuse. He pleads only the general issue, which puts in issue the animus, which is the gist of the indictment. There can be no confession and avoidance of a good criminal indictment. The burden of proof does not shift. Com. v. McKee (March, 1854) 17 Law Rep. 51; Com. v. Dana, 2 Metc. (Mass.) 329; Com. v. Kimball, 24 Pick. 366; Com. v. Bradford, 9 Metc. (Mass.) 268; opinion of Wilde, J., in Com. v. York, Id. 93; Powers v. Russell, 13 Pick. 69; Best, Presumptions, § 230; North American Review, Jan., 1851, article "Homicide," by Hon. Joel Parker. In the circuit court of the United States for this district, at the trial of U. S. v. Mingo [Case No. 15,781], in June last, for murder, the two judges coincided in the ruling, (differing from the majority of the supreme court of this state, in York's Case,) that it was incumbent

on the government to prove a felonious killing, and if they failed to satisfy the jury, beyond a reasonable doubt, that the killing was felonious, the verdict must be not guilty.

H. L. Hallett, for the United States, conceded the general doctrine of the burden of proof in criminal cases to be as contended by the counsel for the defendant, and submitted the other points to the judgment of the court, without argument.

SPRAGUE, District Judge, ruled that the indictment must be considered as alleging a criminal intent. The mere fact that a blow is struck, does not necessarily make out a crime. It may be unintentional; or, if intentional, it may be in self-defence, or in the execution of a legal duty. In charging a crime, the government charges a criminal intent, and must prove it. Proving a blow may, in some cases, be of itself sufficient evidence of a criminal intent; but such intent may be repelled by the circumstances. If, on all the evidence, the jury are left in reasonable doubt as to the intent of the defendant, they cannot convict him of the crime, for the crime is not proved. The overt act is proved, but the character of the act, whether criminal or not, is left in doubt. In this case it is conceded that a blow was struck with a dangerous weapon. The only question is as to the character of the act. Was it criminal or was it not? It is not pretended that the complainant was intentionally struck in self-defence, or in the execution of a duty. The only defence is that he received the blow by misadventure. If the defendant was using this weapon, which he knew was dangerous, in a reckless manner, so that he had reasonable cause to believe that he might injure some one, he is equally guilty of a criminal intent, as if he had a special intention to injure the complainant. If in a contest with another person he used it unlawfully, and hit the complainant by accident, he would be guilty. But if he hit the complainant accidentally, either while engaged in a contest in which he had a right to use the weapon, or when using it to make a noise and warn the passengers, if used so as not to be likely to endanger any one, he would not be guilty. In determining the motive, the state of mind of the defendant, you will take into view, not only his acts when below, but the language and acts attributed to him by the witnesses on each side after the occurrence, the reasonableness of his going below armed with such a weapon, and the evidence of his general peaceable and temperate character and conduct on this and other similar voyages. If, on all the evidence, you are satisfied beyond a reasonable doubt that the act was accompanied with a criminal intent, according to the definition I have given you, you will find the defendant guilty. If you are not so satisfied, he is entitled to an acquittal.

The jury found a verdict of not guilty.